UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JEROME DUNSON,

Plaintiff,

v.   408CV163

GEORGIA DEPARTMENT
OF CORRECTIONAL HEALTH
CARE SERVICES,

Defendant.

## ORDER

On 8/15/08, pro se plaintiff Jerome Dunson filed a claim with this Court pursuant to 42 U.S.C. § 1983. Doc. # 1. Upon granting Dunson *in forma pauperis* status, the magistrate judge (MJ) noticed that, in his civil complaint form, doc. # 1, Dunson had neglected to disclose – as required in the form – several prior lawsuits that he had filed in federal court while incarcerated. Doc. # 7 at 2. As a result, the MJ ordered Dunson to show cause why his case should not be dismissed for his failure to answer honestly the question regarding prior filings. *Id.* at 4. Upon considering Dunson's response, the MJ found that Dunson had failed to show just cause for his "deception regarding his filing history," and recommended that Dunson's claim be dismissed. Doc. # 13 at 2. This Court adopted that recommendation on 1/20/09. Doc. # 17. A week later, Dunson filed a "Declaration," doc. # 19, which the Court presently addresses.[1]

In his "Declaration," Dunson reiterates the details of his § 1983 complaint, attaching numerous exhibits (including statements by fellow inmates regarding the medical condition upon which Dunson's § 1983 claim was based, health service request forms, and letters Dunson sent to various corrections department authorities requesting particular care for his medical condition), in an attempt to convince the Court that he has "in fact stated a claim and presented 'genuine issues' and 'material facts' supporting his section 1983 civil action case and that this case in fact should go to trial and be heard." *Id.* at 1. Although Dunson does not cite Rule 60(b) or recite any of the specific grounds listed therein as a basis for relief, he seeks to persuade the Court to undo its final order of dismissal and reinstate and consider his claim. Therefore, the Court construes his "Declaration" as a Rule 60(b) motion. *See Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996).

Dunson is not entitled to relief under Rule 60(b), however, as none of the information he provides in his "Declaration" satisfies any of the grounds for relief listed under Rule 60(b). That is, he has not shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. F.R.CIV.P. 60(b). In fact, Dunson has provided little, if any, new or different information from what he provided in his initial complaint. He has simply asked the Court to review his exhibits and reach the conclusion that his claim warrants adjudication. Thus, Dunson has not satisfied any of Rule 60(b)'s grounds for relief. *See Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 919 (11th Cir. 2006) (denial of Rule 60(b) motion appropriate where "motion's grounds did not fit within any of the specific circumstances set out in Rule 60(b)(1)-(5), nor did they describe an extraordinary circumstance warranting relief under Rule 60(b)(6)," and plaintiff had "merely re-asserted the arguments he previously

---

[1] Since then, Dunson has also filed a notice of appeal. Doc. # 20.

presented in support of his motion for partial summary judgment").

Furthermore, even if any of the information provided in Dunson's "Declaration" could be considered new, it would still bear no effect on this Court's dismissal of his claim, as the "Declaration" in no way addresses the *grounds* upon which the dismissal was entered. Dunson's claim was not dismissed because it lacked sufficient factual support, but was dismissed following his failure to show good cause for his dishonesty in answering questions (which were unrelated to the merits of his claim) on the form complaint he submitted to the Court. As Rule 60(b) motions are intended to provide an opportunity for a litigant to explain why an Order is improper or unjust and should be vacated, and as Dunson's "declaration" offers no explanation regarding the Court's basis for the Order at issue, the Court sees no reason to grant relief from it and to proceed to address the merits of his claim. Thus, Dunson's attempt to emphasize the merits of his claim is futile, and the appropriate course of action now is to continue pursuing his direct appeal.

For all the foregoing reasons, the Court *DENIES* Dunson's request for relief, doc. # 19, from the Order of dismissal.

This day of 25 March 2009.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA